AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v

DONALD S. LILLY

CASE NO:  09-20262
DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE CHARLES E. BINDER

/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)     There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2)     The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves to detain and argues that the presumption in favor of detention applies. The Defendant contests this allegation, pointing out that no enhancement of penalty document has yet been filed, and therefore at this time, the maximum penalty is less than the 10-year requirement which triggers the application of the presumption in favor of detention. The Assistant United States Attorney responds that, on the undisputed facts, enhancement is appropriate and one can be filed immediately. The Bail Reform Act states, among many other things, that nothing in the statute changes the presumption of innocence, and that courts are to consider the least restrictive set of conditions that will reasonably assure the safety of the community and the defendant's appearance. As a result, although both parties are technically correct, I believe it appropriate at this time to conclude that the presumption does not apply. I will therefore consider the Defendant's circumstances under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically marijuana. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to § 3142(g)(3), I find that the Defendant is currently 37 years of age, and told Pretrial Services that he currently resides with his mother. However, his mother indicated

2

that the Defendant spends only a couple nights a week at her house, on those days when he is not working in the Flint area. Defendant's mother stated she is not aware of the Defendant's location at those times when he is not residing with her. Defendant is currently on supervised release from this Court, and contact by the Bay City Pretrial Services Officer with the Defendant's supervising Probation Officer confirms that the Defendant has been instructed to reside at a single residence and not to move from place to place. Defendant has lived throughout his life in this district, and is currently working for a janitorial business. The Defendant conceded to Pretrial Services that he has abused marijuana and cocaine since approximately 16 years of age, but has not abused any controlled substances in the last 10 years. However, I am unable to confirm this statement since Pretrial Services in Detroit, where Defendant was first processed, neglected to submit the Defendant to urinalysis. Testing done prior to this hearing by the Bay City Pretrial Services Officer was negative for all illegal controlled substances.

     Although the Defendant is presently on supervision from this Court, Pretrial Services in Detroit neglected to request a copy of the Defendant's prior Presentence Investigation Report. Had they done so, that report would indicate that in 1995 the Defendant was convicted of attempted carrying a concealed weapon and was sentenced to two years probation. Defense counsel correctly points out that the Defendant successfully completed that term of probation and was discharged in March 1998. The Presentence Investigation Report also indicates that in 1994 the Defendant was charged in Big Rapids with possession of marijuana. He twice failed to appear for proceedings while on bond in that case. Defense counsel proffers that this matter has been dismissed, however, that could not be confirmed prior to the start of this hearing.

In September of 2002 the Defendant was charged in this Court with one count of distributing powder cocaine and one count of distributing crack cocaine. In November of 2002 he pled guilty and was sentenced to 78 months custody on each count, to be served concurrently. In November of 2007 the Defendant was released to a halfway house. In March of 2008, as a result of changes to the Sentencing Guidelines, the Defendant's sentence was reduced to time served and he was placed on supervised release. He is therefore under this Court's supervision at this time.

The Assistant United States Attorney points out that the Defendant was arrested by state authorities as a result of a routine traffic stop. A search of the Defendant's vehicle revealed 29 bags of marijuana, each weighing approximately one pound, as well as $10,000 in currency. Defense counsel argues that the Defendant poses a minimal risk of flight, noting his completion of prior probation and his consistent residence in this district. While I am inclined to agree with that representation, at least seven circuits and a number of district courts all have held that continued drug dealing, such as that evidenced by the Defendant, constitutes a *per se* danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008

WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

In addition, as mentioned previously, the Defendant is currently on supervised release. Information in the Pretrial Services report clearly indicates that the Defendant has already violated one of the terms of that supervised release - namely, his failure to maintain a single residence. I therefore conclude that under the circumstances there are no conditions nor any combination of conditions which I could set which would reasonably assure the safety of the community. In the event the presumption in favor of detention is found to apply, I further find that the presumption has not been rebutted on the evidence presented. Accordingly, the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: July 14, 2009                          United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Order was electronically filed this date, electronically served on Robert Haviland and Ken Sasse, served on Pretrial Services and the U.S. Marshal's Service by other electronic means, and served on District Judge Cox in the traditional manner.

Date: July 14, 2009                    By    s/*Jean L. Broucek*
                                                        Case Manager to Magistrate Judge Binder