UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 09-20262

    Plaintiff,                                          HON. SEAN F. COX
v.                                                                United States District Court

DONALD S. LILY

    Defendants.
_____/

OPINION & ORDER ACCEPTING
AND ADOPTING REPORT & RECOMMENDATION

    This matter is before the Court for consideration of Defendant's objections [Doc. No. 24] to the Report and Recommendation ("R&R") filed by Magistrate Judge Michael Hluchaniuk on December 7, 2009 [Doc. No. 22]. In the R&R, Magistrate Judge Hluchaniuk recommends that the Defendant's motion to suppress [Doc. No. 9], filed August 13, 2009, be denied. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion be decided without oral argument. For the reasons that follow, the Court overrules the objections filed by the Defendant and shall adopt the R&R in its entirety.

BACKGROUND

    The facts relevant to this motion were adequately set out by Magistrate Judge Hluchaniuk's December 7, 2009 R&R [*See* Doc. No. 22, pp.1-6], and need not be restated here.

    Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo*

1

determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

The Defendant filed timely objections to the R&R on December 21, 2009 [Doc. No. 24]. The Government has not filed a response to the Defendant's objections, and the time for filing such a response has expired. The matter is therefore ripe for the Court's adjudication.

ANALYSIS

The Defendant raises nine objections to Magistrate Judge Hluchaniuk's R&R: 1) that the failure of the police to preserve the videotape of Mr. Lily's traffic stop, in and of itself, has evidentiary value; 2) that Officer Veach's testimony should not be accepted as credible; 3) that Officer Veach did not have probable cause to support the traffic stop of Defendant; 4) that the burden to establish the right to park a vehicle at a location in the absence of a "no parking" sign should not be on the Defendant; 5) that the Defendant did not "abandon" his vehicle; 6) that the Magistrate Judge improperly relied upon the fact that Defendant's vehicle remains impounded; 7) that risk of theft does not justify an inventory search of Defendant's vehicle; 8) that the search of Defendant's vehicle was not a valid "inventory and impoundment" search; and, ultimately, 9) that Defendant's motion to suppress should be granted. For the reasons that follow, the Court finds no merit in the Defendant's objections, and therefore **ACCEPTS** and **ADOPTS** the December 7, 2009 R&R [Doc. No. 22] of Magistrate Judge Michael Hluchaniuk.

I.  Purported Evidentiary Value of the Failure of the Police to Preserve the Video

Mr. Lily first objects to Magistrate Judge Hluchaniuk's determination that the failure of the police to preserve the videotape of the stop does not, in and of itself, have evidentiary value. [Def.'s Br., Doc. No. 24, p.1]. Mr. Lily argues that "the stop here resulted in the seizure of

pounds of marijuana and thousands of dollars. It is very difficult to believe the tape would not have been preserved if it supported Officer Veach's testimony." *Id*.

The Court disagrees. Contrary to Mr. Lily's assertion, Magistrate Judge Hluchaniuk did not recommend "that the failure of the police to preserve the videotape of the stop does not have evidentiary value." *Id*., quoting Doc. No. 22, p.7. Rather, the R&R states that ". . .the failure to preserve the tape does not, *by itself*, have evidentiary value." [R&R, Doc. No. 22, p.7 (emphasis added)]. Further, after correctly citing to the standard by which federal courts evaluate Due Process Clause actions for the destruction of evidence by the police, Magistrate Judge Hluchaniuk held as follows:

> The present record is simply insufficient to find that the tape was of exculpatory value or that it was destroyed in bad faith. Insufficiency of the evidence is the enemy of the party who carries the burden of proof. In these circumstances, it is the defendant who has the burden of proof. . . While the circumstances relating to the absence of the tape appear suspicious, that suspicion does not rise to the level of satisfying the defendant's burden of proof.

[R&R, Doc. No. 22, pp.9-10]. Mr. Lily's arguments to the contrary are without merit.

II. Acceptance of Officer Veach's Testimony

Mr. Lily's second objection is that Magistrate Judge Hluchaniuk accepted Officer Veach's testimony as being credible. [Def.'s Br., Doc. No. 24, p.2]. Mr. Lily argues that Officer Veach's "testimony should not be accepted in view of the officer's own contradictory testimony, the loss of the videotape and the testimony of Defendant." *Id*.

The Court disagrees. Magistrate Judge Hluchaniuk considered - and ultimately rejected - the very arguments that Mr. Lily now advances in this objection:

> Officer Veach's testimony is negatively effected by the unexplained inconsistency relating to the videotape from his police vehicle, *but not sufficiently so, such that his testimony about seeing defendant driving without the use of a seatbelt is not*

>  *believable*. His testimony about his observations was consistent and he has no apparent motive to fabricate his testimony in that respect.

[R&R, Doc. No. 22, pp.10-11 (emphasis added)]. As the above-quoted passage evidences, Magistrate Judge Hluchaniuk took into consideration the same arguments advanced by Mr. Lily in his objections here, but nonetheless found Officer Veach to be a credible witness.

In considering testimony related to a motion to suppress, "the judge should receive the evidence in question and give it such weight as his judgment and experience counsel." *United States v. Matlock*, 415 U.S. 164, 174 (1994). Such credibility determinations are reviewed only for an abuse of discretion. *See United States v. Atkins*, 198 F.3d 247, *4 (6th Cir. Nov. 8, 1999) (Table Opinion). Assigning credibility to Officer Veach's testimony was within the discretion of Magistrate Judge Hluchaniuk in this matter - he presided over the hearings in the motion to suppress - and Mr. Lily has presented this Court with no evidence of an abuse of that discretion.

    III.  <u>Probable Cause for the Traffic Stop of Defendant's Vehicle</u>

Mr. Lily's third objection to the R&R of Magistrate Judge Hluchaniuk was that the police lacked probable cause to support the traffic stop of Mr. Lily's vehicle. "The governent has failed to establish that the stop was lawful." [Def.'s Br., Doc. No. 24, p.2].

The Court disagrees. As discussed *supra*, Magistrate Judge Hluchaniuk fully credited the testimony of Officer Veach. Officer Veach testified that he observed Mr. Lily not wearing his seatbelt while driving on March 4, 2009, and that the seatbelt violation was one reason he elected to initiate a traffic stop of Mr. Lily's vehicle.[1] [Tr. of Sept. 28, 2009 Hearing, Doc. No. 15, p.6]. The Sixth Circuit has held that a police officer possess the requisite probable cause to

---

[1] Officer Veach also testified that he pulled Mr. Lily over on March 4, 2009 on suspicion of driving with a cracked windshield, but the government noted at hearing that it was not relying on the cracked windshield as a basis for the traffic stop.

initiate the traffic stop of a vehicle when the officer observes a suspected seatbelt violation. *See, e.g., United States v. Canipe*, 569 F.3d 597, 601 (6th Cir. 2009). Mr. Lily's arguments to the contrary are without merit.

      IV.   The Legality of Parking in an Area Absent a "No Parking" Sign

Mr. Lily's fourth objection to the R&R of Magistrate Judge Hluchaniuk was that "the burden to further establish the right to park a vehicle at this location should not be on the defendant." [Def.'s Br., Doc. No. 24, p.2].

This argument lacks merit. After noting that the Mt. Morris Township Police Department's written policy for impounding vehicles included circumstances where a vehicle was "a traffic hazard," the Court fully credited the testimony of Officer Veach in finding that Mr. Lily's vehicle - parked in a lane of traffic on a busy roadway - was a traffic hazard. [R&R, Doc. No. 22, p.13]. Faced with Mr. Lily's argument "that the vehicle was not a traffic hazard because the area is not marked as a 'no parking' zone," *Id*., the Court simply stated as follows, in *dicta*:

> The testimony of Officer Veach establishes that the vehicle was a traffic hazard regardless of the existence of a "no parking" sign. *Defendant has not established, by statute, case law, or other authority, that parking is legal at any place in the absence of a "no parking" sign*.

*Id*. (emphasis added).

The Court's *dicta*, quoted *supra*, does not place an impermissible burden of proof on Mr. Lily. Rather, *Mr. Lily himself advanced the argument that parking was legal where his vehicle was left*. Furthermore, even *if* it was legal to park where Mr. Lily's vehicle was left, this fact does nothing to rebut Officer Veach's testimony - given full credit by Magistrate Judge Hluchaniuk - that the vehicle was a traffic hazard. Mr. Lily's arguments to the contrary are without merit.

5

V. <u>Defendant's Abandonment of His Vehicle</u>

Mr. Lily's fifth objection to the R&R of Magistrate Judge Hluchaniuk was that the R&R improperly found that Mr. Lily abandoned his vehicle - thereby subjecting the vehicle to towing under the Mt. Morris Police Department's written policy on towing. "Defendant's vehicle was lawfully parked and, in any event, he was not given an opportunity to move the vehicle and did not abandon it." [Def.'s Br., Doc. No. 24, p.2].

This argument lacks merit. No error exists in the R&R's finding that the vehicle was rightly considered "abandoned" by Officer Veach:

> While the term "abandoned" means different things in different contexts, in this case, the vehicle would have been left on the side of the road with no one immediately available to drive it away and the registered owner of the vehicle residing approximately 80 miles from that location. Officer Veach could have reasonably concluded that the vehicle was not likely to be moved in the foreseeable future and, therefore, it could be considered "abandoned" for purposes of the impoundment policy.

[R&R, Doc. No. 22, pp.13-14].

Even assuming, *arguendo*, that Magistrate Judge Hluchaniuk's finding that Mr. Lily abandoned his vehicle was in error, Mr. Lily's car was still subject to towing under the Mt. Morris Police Department's towing policy. As explained *supra*, *Mr. Lily's car was deemed a traffic hazard by Officer Veach* - an alternative ground for towing separate and distinct from a finding that the vehicle was abandoned. Mr. Lily's arguments to the contrary are without merit.

VI. <u>Continued Impoundment of the Vehicle</u>

Mr. Lily's sixth objection to the R&R of Magistrate Judge Hluchaniuk was that the R&R "includes reliance upon the fact that the vehicle is still at the impound lot." [Def.'s Br., Doc. No. 24, p.3].

While Mr. Lily is correct that "[a]fter-the-fact evidence cannot justify the police action on the day of the search," *Id.*, Magistrate Judge Hluchaniuk's referenced comment, included below, was merely *dicta*:

> The fact that defendant was not given the opportunity to have someone come and move the vehicle is not controlling. Defendant apparently never offered to have someone come and get the vehicle. *The vehicle was still at the impoundment lot five months after the traffic stop, so clearly no one was in a hurry to come and get it*.

[R&R, Doc. No. 22, p.14 (emphasis added)].

The above-quoted material does not advance the R&R's finding that Mr. Lily's vehicle was "abandoned" for purposes of the Mt. Morris Police Department written towing policy, and as described *supra*, also does nothing to rebut the alternative argument that Mr. Lily's vehicle was subject to towing as a traffic hazard. Mr. Lily's arguments to the contrary are without merit.

VII.   Risk of Vandalism to the Defendant's Vehicle

Mr. Lily's seventh objection to the R&R of Magistrate Judge Hluchaniuk was that the R&R "concludes that a vehicle containing items such as those in Defendant's vehicle, in any city in America, is at risk from vandalism or theft." [Def.'s Br., Doc. No. 24, p.3]. "Virtually any vehicle has items. . . which could potentially be stolen. However, this alone does not justify an inventory search." *Id*.

Mr. Lily neglects, however, the fact that one additional piece of evidence was considered by Magistrate Judge Hluchaniuk's assessment of credibility to Officer Veach's testimony regarding Mr. Lily's vehicle being at risk for vandalism or theft: that the vehicle was "left on a public road." [R&R, Doc. No. 22, p.14]. Even if Mr. Lily is correct, this argument does nothing

to eliminate the two additional rationales justifying the towing of Mr. Lily's vehicle - i.e., that it was a traffic hazard and that it was abandoned. Mr. Lily's arguments to the contrary are without merit.

      VIII.  The Magistrate Judge's Recommendation that the Search Was Valid

Mr. Lily's eighth objection to the R&R of Magistrate Judge Hluchaniuk was that the R&R "recommends that the search of Defendant's vehicle be upheld as an inventory and impoundment search." [Def.'s Br., Doc. No. 24, p.3]. "The government has not established that standardized procedures were followed; rather, Officer Veach followed his own policy of impounding a vehicle anytime the only occupant is arrested." *Id.*

The Court disagrees. After reciting the three valid reasons for towing a vehicle - i.e., status as a traffic hazard, abandonment, and risk of theft or vandalism - contained in the Mt. Morris Police Department's written towing policy, Magistrate Judge Hluchaniuk proceeded to hold that *all three factors were met in the instant case, any one of which would have justified the impoundment of Mr. Lily's vehicle*. As explained *supra*, the Court leaves these findings by the Magistrate Judge undisturbed. Therefore, contrary to Mr. Lily's argument in this motion, Officer Veach *did follow* the standardized procedures for impounding Mr. Lily's vehicle.

      IX.  Suppression of Evidence Against the Defendant

Mr. Lily's ninth and final objection to the R&R of Magistrate Judge Hluchaniuk is that the R&R ultimately denied his motion to suppress. [Def.'s Br. Doc. No. 24, p.3]. The Court disagrees. The Sixth Circuit - albeit in an unpublished opinion - laid out the requirements for the valid inventory search of a vehicle impounded by the police in *United States v. Richards*, 2003 WL 151417 (6th Cir. Jan. 17, 2003). Those requirements are as follows:

> One well-defined exception to the warrant requirement is the inventory search, which is defined as the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage. Inventory searches are reasonable so long as they are administered in good faith, according to reasonable, standardized criteria.

*Richards* at *2 (internal citations and quotations omitted). "Among those criteria which must be standardized are the circumstances in which a car may be impounded." *Id.*, citing *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001). Mr. Lily's argument is that the standardized procedures for towing promulgated by the Mt. Morris Police Department were not followed in this instance. Mr. Lily advances no other arguments regarding the unreasonableness of the search of his vehicle. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (failure to file specific objections constitutes a waiver of any further right to appeal).

As discussed *supra*, Officer Veach engaged in a valid traffic stop of Mr. Lily's vehicle on March 4, 2009. After arresting Mr. Lily, and pursuant to the standardized guidelines of the Mt. Morris Police Department for the impoundment of vehicles, Officer Veach determined that Mr. Lily's vehicle was a traffic hazard, was abandoned, and was in danger of theft or vandalism. Mr. Lily's vehicle thus qualified under all three prerequisites for towing as laid out by the Mt. Morris Police Department, and therefore Mr. Lily's vehicle was properly towed and impounded by the police. Therefore, under *Richards* and *Kimes*, Magistrate Hluchaniuk properly denied Mr. Lily's motion to suppress. Mr. Lily's arguments to the contrary are without merit.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the December 7, 2009 Report and Recommendation [Doc. No. 22] of Magistrate Judge Michael Hluchaniuk.

**IT IS SO ORDERED**.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: January 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2010, by electronic and/or ordinary mail.

        s/Jennifer Hernandez
        Case Manager